UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3622 CAS (MANx) | Date | June 19, 2009 |
|---|---|---|---|
| Title | BERENICE ROBLES  v. HOMEQ SERVICING, INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (In Chambers:) ORDER TO SHOW CAUSE RE: WHY ACTION SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION

    On February 10, 2009, plaintiff Berenice Robles filed a complaint in Los Angeles County Superior Court against defendants Homeq Servicing, Inc. ("Homeq"), Quality Loan Service Corporation ("Quality"), and Does 1 through 10, alleging claims for: (1) wrongful foreclosure; (2) declaratory judgment pursuant to Cal. Code Civ. Proc. § 1060; (3) violation of California Finance Code § 4970, et seq.; (4) fraud; (5) unconscionableness; (6) breach of the covenant of good faith and fair dealing; and (7) accounting.

    Plaintiff, a Los Angeles resident, alleges that defendant Homeq a California corporation, was either the mortgage lender or servicing company for plaintiff's mortgage on a property in Azusa, California. Compl. ¶¶ 1-2. Plaintiff alleges that defendant Quality, a California corporation, purports to be a "Trustee" under plaintiff's deed of trust. Id. ¶ 3.

    Plaintiff alleges that, in or around September 2005, she obtained a loan from Homeq. Id. ¶ 11. Plaintiff alleges that, in or around November 2007, she fell behind on her mortgage payment. Id. ¶ 12. Plaintiff alleges that, after working out a repayment plan, she again fell behind on her mortgage payment in or around May 2008. Id. Plaintiff alleges that she made several attempts to work out a modification of her loan with Homeq, but Homeq was unresponsive. Id. ¶¶ 13-15. Plaintiff alleges that, in or around late October or early November 2008, Quality served plaintiff with a Notice of Trustee Sale. Id. ¶ 16. Plaintiff further alleges that the Notice of Trustee sale was unrecorded, unsigned, and contained erroneous information. Id. Plaintiff alleges that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3622 CAS (MANx) | Date | June 19, 2009 |
|---|---|---|---|
| Title | BERENICE ROBLES v. HOMEQ SERVICING, INC., ET AL. | | |

Quality rescheduled the sale once, and has since rescheduled the sale for a date unknown to plaintiff. Id.

On May 21, 2009, defendants timely removed the instant action to this Court on the basis of federal question jurisdiction, pursuant to 28 U.S.C. § 1331. Notice of Removal at 1-2.

The question of whether a claim arises under federal law, for purposes of 28 U.S.C. § 1331, must be determined by reference to the complaint. Franchise Tax Bd. v. Constr. Laborers Trust, 463 U.S. 1, 9-10 (1983). If it "appears from the . . . statement of the plaintiff that the right to relief depends upon the construction or application of the Constitution or laws of the United States," this Court will have jurisdiction. Smith v. Kansas City Title & Trust Co., 255 U.S. 180, 199 (1921).

Defendants allege that removal is proper because plaintiff's complaint "includes claims that are based, in part, upon federal law." Notice of Removal at 4. Though defendant is correct that plaintiff's complaint alleges that defendant is "required to comply" with several federal laws, all of plaintiff's claims for relief are based on state law. Id. at 4. Without a showing that plaintiff's right to relief depends on a substantial question of federal law, this Court cannot exercise jurisdiction over this action pursuant to 28 U.S.C. § 1331.

Defendant is hereby ORDERED to SHOW CAUSE on or before July 6, 2009 why the instant action should not be dismissed for lack of subject matter jurisdiction.

IT IS SO ORDERED.

|   |   | 00 | : | 00 |
|---|---|---|---|---|
|   | Initials of Preparer | | | CMJ |