UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6 O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3622 CAS (MANx) | Date | July 9, 2009 |
|---|---|---|---|
| Title | BERENICE ROBLES v. HOMEQ SERVICING, INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:

Not Present                        Not Present

**Proceedings:**   (In Chambers): ORDER REMANDING ACTION TO THE LOS ANGELES COUNTY SUPERIOR COURT

  On February 10, 2009, plaintiff Berenice Robles filed a complaint in Los Angeles County Superior Court against defendants Homeq Servicing, Inc. ("Homeq"), Quality Loan Service Corporation ("Quality"), and Does 1 through 10, alleging claims for: (1) wrongful foreclosure; (2) declaratory judgment pursuant to Cal. Code Civ. Proc. § 1060; (3) violation of California Finance Code § 4970, et seq.; (4) fraud; (5) unconscionableness; (6) breach of the covenant of good faith and fair dealing; and (7) accounting. On May 21, 2009, defendants timely removed the instant action to this Court on the basis of federal question jurisdiction, pursuant to 28 U.S.C. § 1331. Notice of Removal at 1-2.

  On June 19, 2009, this Court ordered defendants to show cause why the instant action should not be remanded for lack of subject matter jurisdiction. On July 6, 2009, defendant Barclays Capital Real Estate Inc. dba HomEq Servicing, erroneously sued as HomEq Servicing, Inc. ("HomEq") filed a response.

  HomEq argues that federal question jurisdiction exists because the resolution of plaintiff's claims necessarily depends on the resolution of substantial questions of federal law. Opp'n at 3. Specifically, HomEq argues that, under the umbrella of her fraud claim, plaintiff alleges TILA and FDCPA violations. Id. HomEq further argues that plaintiff seeks rescission, a remedy that HomEq contends is unavailable under a fraud claim.[1] Id.

---

[1] Under California law, rescission is available as a remedy for fraud. Cal. Civ. Code § 1689 ("A party to a contract may rescind the contract in the following cases . . . If
(continued...)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3622 CAS (MANx) | Date | July 9, 2009 |
|---|---|---|---|
| Title | BERENICE ROBLES v. HOMEQ SERVICING, INC., ET AL. | | |

at 4.

HomEq contends that removal of the instant action was also proper under the complete preemption doctrine. Id. at 5, see Firoozye v. Earthlink Network, 153 F. Supp. 2d 1115, 1120 (N.D. Cal. 2001) ("Under the complete preemption doctrine, where a statute enjoys 'extraordinary' or 'unique pre-emptive force,' the presence of a preemption defense under that statute converts 'an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'") (internal citation omitted). HomEq argues that plaintiff's allegations of misrepresentation, fraud, and failure to make certain financial disclosures, are "undeniably central to a claim under" the Truth in Lending Act ("TILA"). Id. at 6; see also Reyes v. Downey Savings and Loan Ass'n, F.A., 541 F. Supp. 2d 1108, 1113 (C.D. Cal. 2008) ("[W]hen plaintiffs rely on state laws of general application, but their claims are based on federal laws, federal law preempts.").[2] Accordingly, HomEq argues that the claims "arise under" federal laws such that the instant action should not be remanded. Id. at 6.

The Court concludes that "the plain terms of the [Truth in Lending] Act show Congress intended generally to disclaim preemption."[3] Magee v. Exxon Corp., 135 F.3d 599, 602 (8th Cir. 1998); see also Homesales, Inc. v. Frierson, 2009 WL 365663, *2

---

(...continued)
the consent of the party rescinding, or of any party jointly contracting with him, was given by mistake, or obtained through duress, menace, fraud . . .").

[2] Reyes is distinguishable because it deals with a claim pursuant to Cal. Bus. & Prof. Code § 17200 that was expressly predicated on alleged TILA violations. 541 F. Supp. 2d at 1115 ("Plaintiffs' use of the UCL as predicated on TILA is preempted."). By contrast, in this case, none of plaintiff's claims is expressly predicated on TILA violations.

[3] 15 U.S.C. § 1610(b) provides "[e]xcept as provided in section 1639 of this title, this subchapter does not otherwise annul, alter or affect in any manner the meaning, scope or applicability of the laws of any State, including, but not limited to, laws relating to the types, amounts or rates of charges, or any element or elements of charges, permissible under such laws in connection with the extension or use of credit. . ."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3622 CAS (MANx) | Date | July 9, 2009 |
|---|---|---|---|
| Title | BERENICE ROBLES v. HOMEQ SERVICING, INC., ET AL. | | |

(C.D. Cal. Feb. 11, 2009) ("This 'complete preemption' doctrine. . . does not apply to the TILA. The TILA does not contain a civil enforcement provision that requires complete preemption of law, nor is there any other manifestation that Congress intended preemption.") (internal citation omitted).  Furthermore, "it is well established that the plaintiff is 'master of her complaint' and can plead to avoid federal jurisdiction." Lowdermilk v. U.S. Bank National Ass'n,  479 F.3d 994, 998-99 (9th Cir. 2007) (internal citation omitted).  Accordingly, because plaintiff did not allege any federal claims in her complaint, and because complete preemption does not apply to TILA, the Court concludes that removal was improper.

In accordance with the foregoing, the Court hereby REMANDS this action to Los Angeles County Superior Court.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |